UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VENTRON VANEKE LOTT,

       Petitioner,                        Civil Case No. 17-cv-13059
                                                 Honorable Linda V. Parker

v.

RANDALL HAAS,

       Respondent,
_____/

**<u>OPINION AND ORDER SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DENYING PETITIONER LEAVE TO APPEAL IN FORMA PAUPERIS</u>**

Petitioner Ventron Vaneke Lott ("Petitioner"), confined at the Macomb Correctional Facility in New Haven, Michigan, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his sentence following a guilty plea in 2015 for one count of armed robbery and one count of carjacking in violation of Michigan Compiled Laws §§ 750.29 and 750.529a, respectively. For the reasons that follow, the Court is summarily denying Petitioner's request for habeas relief.

**I. Background**

Petitioner pleaded guilty to the above offenses in the Circuit Court for Kent County, Michigan. The state trial judge sentenced Petitioner to terms of

1

imprisonment of eight to thirty years on the armed robbery conviction and six to twenty five years on the carjacking conviction.

Petitioner filed a motion to correct an invalid sentence in the trial court, which the court denied. *People v. Lott,* No. 15-06780 (Kent Cty. Cir. Ct. Aug. 12, 2016). On direct appeal, the Michigan Court of Appeals affirmed Petitioner's sentence and the Michigan Supreme Court denied Petitioner leave to appeal. *People v. Lott,* No. 334622 (Mich. Ct. App. Oct. 25, 2016); *lv den.* 893 N.W.2d 619 (Mich. 2017).

Petitioner seeks a federal writ of habeas corpus on the following grounds:

I. The trial court erred in sentencing petitioner under the restrictions of OV-1 and OV-2 [of the Michigan Sentencing Guidelines] in violation of his constitutional right under the Sixth Amendment, where the record does not support the scoring by a preponderance of the evidence. *People v. Lockridge,* 2015 MICH LEXIS 1774.

II. Petitioner Lott was denied his constitutional right to effective assistance of counsel under the Sixth Amendment where defense counsel failed to object to the scoring under OV-1 and OV-2, resulting in an inaccurate sentence requiring re-sentencing.

## II. Discussion

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *See Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Federal courts are authorized to dismiss any habeas petition that appears legally insufficient on its

2

face. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). If it plainly appears from the face of the petition or the exhibits attached thereto that the petitioner is not entitled to federal habeas relief, a federal habeas court may summarily dismiss the petition. *See Carson v. Burke,* 178 F.3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. The Sixth Circuit, in fact, long ago disapproved of "the practice of issuing a show cause order [to the respondent] until after the District Court first has made a careful examination of the petition." *Allen v. Perini,* 424 F.2d 134, 140 (6th Cir. 1970). A district court therefore has the duty to screen out any habeas corpus petition lacking merit on its face. *Id.* at 141. No response to a habeas petition is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a return by the state. *Id.* The present petition is one requiring summary dismissal.

First, Petitioner's claim that the state trial court incorrectly scored his sentencing guidelines range under the Michigan Sentencing Guidelines is not cognizable on habeas review. *Tironi v. Birkett*, 252 F. App'x 724, 725 (6th Cir. 2007); *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003); *see also Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (habeas corpus relief does not lie for errors of state law) (quoting *Estelle v. McGuire*, 502 U.S. 62, 67 (1991)). Errors in the application of state sentencing guidelines cannot independently support habeas

3

relief. *See Kissner v. Palmer*, 826 F. 3d 898, 904 (6th Cir. 2016). Petitioner's claim that the state trial court improperly departed above the correct sentencing guidelines range would thus not entitle him to habeas relief, because such a departure did not violate any of Petitioner's federal due process rights. *Austin v. Jackson*, 213 F. 3d 298, 301 (6th Cir. 2000). Petitioner also argues, however, that the state trial court violated his Sixth Amendment right to a jury trial by using factors not submitted to a jury and proven beyond a reasonable doubt or admitted by Petitioner when scoring these guidelines variables under the Michigan Sentencing Guidelines. Yet, this argument also fails to set forth a basis for granting Petitioner's request for habeas relief.

The United States Supreme Court has held that any fact that increases the mandatory minimum sentence for a crime is an element of the criminal offense that must be proven beyond a reasonable doubt. *See Alleyne v. United States*, 133 S. Ct. 2151, 2155 (2013). *Alleyne* is an extension of the Supreme Court's holdings in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004), where the Supreme Court held that any fact that enhances a penalty for a crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt. The Supreme Court in *Alleyne* overruled *Harris v. United States*, 536 U.S. 545 (2002), in which the Court had held that only factors increasing the maximum, as opposed to the minimum,

4

sentence must be proven beyond a reasonable doubt to a fact finder. *Alleyne*, 133 S. Ct. at 2157-58. The *Alleyne* Court emphasized that its ruling did not require that every fact influencing judicial discretion in sentencing must be proven to a jury beyond a reasonable doubt. *Id.* at 2163.

*Alleyne* does not apply to Petitioner's claim because the Supreme Court's holding in "*Alleyne* dealt with judge-found facts that raised the mandatory minimum sentence under a statute, not judge-found facts that trigger an increased guidelines range," which is what happened in Petitioner's case. *See United States v. Cooper*, 739 F.3d 873, 884 (6th Cir. 2014); *United States v. James*, 575 F. App'x 588, 595 (6th Cir. 2014) (collecting cases and noting that at least four post-*Alleyne* unanimous panels of the Sixth Circuit have "taken for granted that the rule of *Alleyne* applies only to mandatory minimum sentences."); *Saccoccia v. Farley*, 573 F. App'x 483, 485 (6th Cir. 2014) ("But *Alleyne* held only that 'facts that increase a mandatory statutory minimum [are] part of the substantive offense.' ... It said nothing about guidelines sentencing factors...."). The Sixth Circuit in fact has ruled that *Alleyne* did not decide the question whether judicial fact-finding under Michigan's indeterminate sentencing scheme violates the Sixth Amendment. *See Kittka v. Franks*, 539 F. App'x 668, 673 (6th Cir. 2013).

The Michigan Supreme Court did rely on *Alleyne* in holding that Michigan's Sentencing Guidelines scheme violates the Sixth Amendment right to a jury trial.

5

*See People v. Lockridge*, 498 Mich. 358 (2015). Nevertheless, *Lockridge* does not provide a basis for federal habeas relief for Petitioner. The AEDPA standard of review found in 28 U.S.C. § 2254(d)(1) prohibits the use of anything but United States Supreme Court precedent when determining whether the state court's decision is contrary to, or an unreasonable application of, clearly established federal law. *See Miller v. Straub*, 299 F. 3d 570, 578-579 (6th Cir. 2002) (citing *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Harris v. Stovall*, 212 F.3d 940, 944 (6th Cir. 2000)). "The Michigan Supreme Court's decision in *Lockridge* does not render the result 'clearly established' for purposes of habeas review." *Haller v. Campbell*, No. 1:16-cv-206, 2016 WL 1068744, at *5 (W.D. Mich. Mar. 18, 2016). The fact that the Sixth Circuit ruled that *Alleyne* does not apply to sentencing guidelines factors is significant for purposes of § 2254(d) review, as it means there is no clearly established Supreme Court precedent establishing Petitioner's right to habeas relief. "*Alleyne* … did not clearly establish the unconstitutionality of the Michigan sentencing scheme and cannot form the basis for habeas corpus relief." *Id.*; *see also Perez v. Rivard*, No. 2:14-cv-12326, 2015 WL 3620426, at *12 (E.D. Mich. June 9, 2015).

For these reasons, the Court concludes that Petitioner is not entitled to relief on his first claim. Petitioner also is not entitled relief based on his second claim

that his trial counsel was ineffective for failing to object to the scoring of OV 1 and OV 2 of the Michigan Sentencing Guidelines.

Petitioner must satisfy a two-prong test to show that he was denied the effective assistance of counsel under federal constitutional standards. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, he must demonstrate that his trial counsel's performance was so deficient "that counsel was not functioning as the 'counsel' guaranteed … by the Sixth Amendment." *Id*. Second, Petitioner must show that such performance prejudiced his defense. *Id*. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id*. Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Petitioner raised his sentencing guidelines scoring claims in a motion filed with the state trial court, which the court denied on August 12, 2016. (ECF No. 1 at Pg ID 24.) Petitioner also raised the issue on direct appeal in a delayed application for leave to appeal, which the Michigan Court of Appeals denied "for lack of merit in the grounds presented." (*Id*. at Pg ID 2, 22.) The Michigan Supreme Court denied Petitioner leave to appeal because it was "not persuaded that the questions presented should be reviewed by th[e] Court." (*Id*. at Pg ID 20.) Because the Michigan courts rejected Petitioner's sentencing claims, he cannot

7

show that he was prejudiced by his trial counsel's failure to object to the scoring of the Michigan Sentencing Guidelines. *See Hammond v. Hall*, 586 F.3d 1289, 1340 (11th Cir. 2009) (explaining that when the alleged attorney error involves the failure to object to a violation of state law that does not involve the enforcement of federal constitutional rights or interests, there is no Supreme Court case preventing a federal habeas court from looking "to whether there is a reasonable probability that the do-over proceeding state law provides would reach a different result.").

A petitioner asserting ineffective assistance of counsel must "affirmatively prove prejudice." *Strickland*, 466 U.S. at 693. "If 'one is left with pure speculation on whether the outcome of the penalty phase could have been different,' there has been an insufficient showing of prejudice." *Spencer v. Booker*, 254 F. App'x 520, 525 (6th Cir. 2007) (quoting *Baze v. Parker*, 371 F.3d 310, 322 (6th Cir. 2004)). The Michigan courts' rulings indicate that they would not have been inclined to impose a lesser sentence or to reverse Petitioner's sentence had his counsel objected to the scoring of his sentencing guidelines. Petitioner offers no evidence to suggest otherwise.

For these reasons, Petitioner fails to show that his trial counsel was ineffective for failing to object to the scoring of his sentencing guidelines.

## III. Conclusion

For the above reasons, the Court is summarily denying with prejudice Petitioner's application for the writ of habeas corpus. The Court also is denying Petitioner a certificate of appealability and leave to appeal in forma pauperis.

A certificate of appealability should issue only when the prisoner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484.

For the reasons stated in this decision, reasonable jurists would not find the Court's assessment of Petitioner's claims debatable or wrong. Further, because any appeal of this decision would be frivolous, the Court is denying Petitioner leave to appeal in forma pauperis. 28 U.S.C. § 1915(a)(3).

Accordingly,

**IT IS ORDERED** that Petitioner's application for the writ of habeas corpus is **SUMMARILY DENIED WITH PREJUDICE**;

**IT IS FURTHER ORDERED** that Petitioner is denied a certificate of appealability and leave to appeal in forma pauperis.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: November 9, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, November 9, 2017, by electronic and/or U.S. First Class mail.

s/ R. Loury  
Case Manager